DAVID D. FISCHER (SBN 224900)
LAW OFFICES OF DAVID D. FISCHER, APC
5701 Lonetree Blvd., Suite 312
Rocklin, CA 95765
Tel. (916) 447-8600
Fax (916) 930-6482
E-Mail: davefischer@yahoo.com

Attorney for Defendant
DANIEL ZHU

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>DANIEL ZHU,<br><br>   Defendant. | No. 2:18-CR-00198 MCE<br><br>STIPULATION AND ORDER CONTINUING STATUS CONFERENCE<br><br>Date:  October 21, 2021<br>Time:  9:30 a.m..<br>Court:  Hon. Morrison C. England, Jr. |

STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on October 14, 2021. The Court, on its own motion, continued the matter to October 21, 2021.

By this stipulation, defendant now moves to continue the status conference until January 27, 2021, and to exclude time between October 14, 2021, and January 27, 2022, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

a) The discovery associated with this case initially included thousands of pages of investigative reports, bank and business records, real estate records, and audiovisual material. All of this discovery had been either produced directly to counsel and/or made available for inspection and copying. On April 16, 2019, the Court ordered this case related with Case Nos. 2:18-cr-134 and 2:18-cr-258. As a result, the government produced all of the discovery from those related cases to counsel in this case. That discovery includes approximately 2,924,548 pages of email records, investigative reports, and other items obtained during the investigation.

b) Counsel for defendant requires additional time to review the charges, consult with his client, review this discovery with his client, and otherwise to prepare for trial.

c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) The government does not object to the continuance.

e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period October 14, 2021, to January 27, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: October 15, 2021   PHILLIP A. TALBERT
Acting United States Attorney

/s/Roger Yang
ROGER YANG
Assistant United States Attorney

Dated: October 15, 2021   /s/ David Fischer
David Fischer Counsel for
Defendant Daniel Zhu

**ORDER**

IT IS SO ORDERED.

Dated:  October 21, 2021

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE